NbfWgarP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                v.                          23 Cr. 597 (LAK)

5   JOSEPH GARRISON,

6                   Defendant.
                                            Plea
7   ------------------------------x

8                                           New York, N.Y.
                                            November 15, 2023
9                                           10:15 a.m.

10  Before:

11

12                  HON. ROBERT W. LEHRBURGER,

13                                          U.S. Magistrate Judge

                            APPEARANCES
14
    DAMIAN WILLIAMS
15       United States Attorney for the
         Southern District of New York
16  BY:  KEVIN B. MEAD
         Assistant United States Attorney
17
    DAVID E. PATTON
18       Federal Defenders of New York, Inc.
         Attorney for Defendant
19  BY:  CLAY H. KAMINSKY
         Assistant Federal Defender
20

21

22

23

24

25

                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

NbfWgarP

| | |
|---|---|
| 1 | (Case called) |
| 2 | MR. MEAD:  Good morning, your Honor.  AUSA Kevin Mead |
| 3 | appearing for the government. |
| 4 | THE COURT:  Good morning. |
| 5 | MR. KAMINSKY:  Good morning, your Honor.  Clay |
| 6 | Kaminsky of the Federal Defenders for Mr. Garrison. |
| 7 | His mother is also in the gallery today. |
| 8 | THE COURT:  Good morning. |
| 9 | Thank you for being here. |
| 10 | I understand that we are here to take a plea.  How do |
| 11 | you intend to plead today? |
| 12 | (Discussion off the record) |
| 13 | THE COURT:  OK. |
| 14 | Everyone needs to speak up so the court reporter can |
| 15 | hear. |
| 16 | MR. KAMINSKY:  Your Honor, is it OK if Mr. Garrison |
| 17 | remains seated so that he can speak right into the microphone? |
| 18 | THE COURT:  Of course.  Absolutely.  There's no need |
| 19 | stand. |
| 20 | All right.  Let me begin again. |
| 21 | Mr. Garrison, I understand you're here today because |
| 22 | you wish to enter a plea to Count One of the information that |
| 23 | has been lodged against you. |
| 24 | How do you intend to plead today? |
| 25 | THE DEFENDANT:  Guilty, your Honor. |

NbfWgarP

1          THE COURT:  To take your plea, I'm going to need to

2     ask you a number of questions, and that means I'm going to

3     swear you in.  I remind you since you'll be under oath you

4     could be prosecuted for perjury for giving false information.

5          Do you understand?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Please raise your right hand.

8          Do you swear that the answers and testimony you give

9     today will be the truth, the whole truth and nothing but the

10    truth?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  All right.  Put down your hand.  Thank

13    you.

14         We're going to start with a few procedural matters

15    before we get to the substance of the plea.  I have before me a

16    form that's called a consent to proceed before a United States

17    magistrate judge on a felony plea allocution that appears to

18    have your signature where required.

19         Did you sign the form?

20         THE DEFENDANT:  Yes.

21         THE COURT:  All right.  The form says that you know

22    you have the right to have your plea taken by a United States

23    district judge, but you are agreeing to have the plea taken by

24    a United States magistrate judge, such as myself.  As a

25    magistrate judge, I have the authority to take your plea, with

NbfWgarP

1    your consent, and you'll still be entitled to all of the

2    protections and rights as if you were before a district judge.

3    Among other things, the district judge will be the one to

4    sentence you.

5              Before you signed the form, did your lawyer explain it

6    to you?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And did you sign it voluntarily?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you, in fact, wish to proceed with your

11   plea before a United States magistrate judge?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  All right.  Your consent is accepted.

14   I'll sign off on that.

15             The document to which you intend to enter a plea is an

16   information that was issued by the United States Attorney.

17   Under the Constitution, though, you have the right to be

18   charged by an indictment, which is issued by a grand jury,

19   instead of by an information, like this one.  If you give up

20   your right to have the charges against you presented to the

21   grand jury, then the case will proceed against you based on the

22   United States Attorney's information just as if you had been

23   indicted.

24             Do you understand?

25             THE DEFENDANT:  Yes, your Honor.

NbfWgarP

1          THE COURT:  I have a copy in front of me of a form

2     titled waiver of indictment.  It appears to have your

3     signature.  Did you sign it?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Did you do so voluntarily?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Did you review it with your attorney

8     before you signed it?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Do you understand that by signing the form

11     you are giving up your right to have your case presented to a

12     grand jury and that you are agreeing to permit the charges to

13     be filed the United States Attorney instead?

14          THE DEFENDANT:  I do, your Honor.

15          THE COURT:  Have you discussed with your attorney the

16     advantages and disadvantages of waiving indictment?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Have any threats or promises been made to

19     you to get you to waive indictment?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Do you, in fact, wish to give up your

22     right to be charged by a grand jury?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  All right.  The waiver is accepted.

25          Again, in order to take your plea, I'm going to ask

NbfWgarP

1    you a number of questions.  The first set of questions are

2    directed towards your competency to enter a knowing and

3    intelligent plea, so listen to my questions carefully.  If you

4    don't understand or don't hear, please let me or your attorney

5    know, and we will address it.  OK?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  All right.  Thank you.

8            What is your full name?

9            THE DEFENDANT:  Joseph Hamilton Garrison.

10           THE COURT:  How old are you?

11           THE DEFENDANT:  19.

12           THE COURT:  Can you read and write in English?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  How far did you go in school?

15           THE DEFENDANT:  I graduated high school.  I'm

16   currently in college.

17           THE COURT:  Are you currently or have you recently

18   been under the care of a psychiatrist, psychologist or other

19   mental healthcare professional?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Are you taking any medicines or

22   prescription drugs in connection with your treatment?

23           THE DEFENDANT:  No, your Honor.

24           THE COURT:  Have you ever been hospitalized for mental

25   illness, alcoholism or drug addiction?

NbfWgarP

```
1              THE DEFENDANT:  No, your Honor.

2              THE COURT:  Do you have any condition that affects

3    your ability to see or to hear?

4              THE DEFENDANT:  No, your Honor.

5              THE COURT:  Do you have any condition that affects

6    your ability to think or to understand or to make judgments or

7    decisions on your own behalf?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  As you sit here today, are you under the

10   influence of any mind-altering drug or alcohol?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Do you feel OK today?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Is your mind clear today?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand what's happening during

17   this proceeding?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Have you seen a copy of the information

20   that contains the charges against you?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Have you read it?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Do you understand what it says you did?

25             THE DEFENDANT:  I do, your Honor.
```

NbfWgarP

1          THE COURT:  Have you had enough time to speak with

2    your attorney about your case and how you wish to plead?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Has your attorney explained to you the

5    consequences of pleading guilty?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Are you satisfied with your attorney's

8    representation of you?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  All right.

11          Does either counsel have any objections to or concerns

12    about the defendant's competence to plead at this time?

13          MR. MEAD:  No, your Honor.

14          MR. KAMINSKY:  No, your Honor.

15          THE COURT:  Now I am going to address with you certain

16    constitutional rights that you have.  These are rights that you

17    will be giving up if you enter a plea of guilty.  Again, please

18    listen carefully and if you don't hear or understand, please

19    speak up or let your attorney know.

20          Under the Constitution and the laws of the United

21    States, you have the right to plead not guilty to the charges

22    contained in the information.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And if you plead not guilty, you would be

NbfWgarP

1    entitled, under the Constitution, to a speedy and public trial

2    by a jury of those charges.  At that trial, you would be

3    presumed innocent, and the government would be required to

4    prove you were guilty beyond a reasonable doubt before you

5    could be found guilty.  And you could not be convicted unless a

6    jury of 12 people agreed unanimously that you were guilty

7    beyond a reasonable doubt.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  If you decided to go to trial, at that

11    trial and at every stage of your case, you would have the right

12    to be represented by an attorney, and if you could not afford

13    one, an attorney would be appointed to represent you at the

14    government's expense.  Even if you retained private counsel, if

15    you ran out of money, then an attorney would be appointed to

16    continue to represent you.  You would be entitled to an

17    attorney all the way through trial and not just for a guilty

18    plea, so your decision to plead guilty should not depend on

19    whether you can afford to hire an attorney.

20              Do you understand that?

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  During a trial, the witnesses for the

23    prosecution would have to come to court and testify in your

24    presence, where you could see and hear them, and your lawyer

25    could cross-examine those witnesses.  And if you wanted, your

NbfWgarP

1   lawyer could offer evidence on your behalf.  You would be able

2   to use the court's power to compel witnesses to come to court

3   and testify in your defense even if they did not want to come.

4            Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  At a trial, you would have the right to

7   testify in your own defense if you wanted to, but you would

8   also have the right not to testify, and if you chose not to

9   testify, that could not be used against you in any way.  No

10  inference or suggestion of guilt would be permitted from the

11  fact that you did not testify.

12           Do you understand that?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  If you were convicted at trial, you would

15  have the right to appeal that verdict to a higher court.

16           Do you understand that?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  As I said before, you have the right to

19  plead not guilty.  Even now, you have the right to plead or

20  continue to plead not guilty and go to trial.  But if you do

21  plead guilty and if the Court accepts your plea, you will give

22  up the rights that I have described.  If you plead guilty,

23  there will be no trial.  All that will remain to be done will

24  be to impose a sentence.  You and the government will have a

25  chance to make arguments about what sentence you should get,

NbfWgarP

1    but there will not be any further trial to determine whether

2    you are guilty or not guilty of the charges to which you have

3    pled guilty.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Finally, if you do plead guilty, you are

7    also giving up the right not to incriminate yourself, and I

8    will ask you questions about what you did in order to satisfy

9    myself that you were actually guilty.  By pleading guilty, you

10   would be admitting both your factual and legal guilt.

11             Do you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Now I'm going to review with you the

14   charges against you and the consequences of pleading guilty to

15   them.

16             Count One of the information charges you with

17   conspiring to commit computer intrusion, in violation of Title

18   18, United States Code, Section 371.

19             Your plea agreement, which we will get to shortly,

20   contemplates that you will plead guilty to that charge, but in

21   the meantime, I'm going to ask the assistant United States

22   attorney to state the elements of Count One.  The elements are

23   the things the government would have to prove beyond a

24   reasonable doubt if you went to trial.

25             MR. MEAD:  The defendant is pleading guilty to one

NbfWgarP

1    count of conspiring to commit computer intrusion, in violation

2    of Title 18, United States Code, Sections 371 and 1030.  In

3    order to prove the defendant's guilt, the government would have

4    to prove the following elements beyond a reasonable doubt:

5          One, that a conspiracy to commit computer intrusion

6    existed;

7          Two, that the defendant willfully joined the

8    conspiracy, knowing its unlawful objective; and

9          Three, that one of the conspirators has taken an overt

10   act in furtherance of the conspiracy.

11         In this case, the government has charged a conspiracy

12   to commit computer intrusion in two separate ways.  The first

13   type of computer intrusion and was an object of the conspiracy

14   was to access without authorization and obtain information, and

15   it has the following elements:

16         First, without authorization, a computer was accessed

17   by a conspirator;

18         Second, the conspirator acted intentionally;

19         Third, the conspirator obtained information from a

20   protected computer;

21         Fourth, the conspirator acted for the purpose of

22   private financial gain or the value of the information obtained

23   was greater than $5,000.

24         The second type of computer intrusion that was an

25   object of the conspiracy to further an intended fraud has the

NbfWgarP

1      following elements:

2                  First, that a conspirator knowingly accessed a

3      protected computer without authorization;

4                  Second, that a conspirator acted with the intent to

5      defraud; and

6                  Third, that in furtherance of the scheme to defraud, a

7      conspirator obtained something of value.

8                  THE COURT:  Thank you.

9                  Mr. Garrison, how do you intend to plead to Count One?

10                  THE DEFENDANT:  Guilty, your Honor.

11                  THE COURT:  With respect to the offense to which you

12      are pleading, I want you to understand the maximum possible

13      penalties that the court can impose.  The maximum means the

14      most that could possibly be imposed.  It does not mean that is

15      what you necessarily would receive.  But by pleading guilty,

16      you are exposing yourself to the possibility of receiving any

17      combination of punishments up to the maximum I am about to

18      describe.

19                  Do you understand that?

20                  THE DEFENDANT:  Yes, your Honor.

21                  THE COURT:  The maximum term of imprisonment for

22      pleading guilty to Count One is five years of imprisonment.  In

23      addition, there's a maximum term of supervised release of three

24      years.

25                  Supervised release means that after you are released

NbfWgarP

1    from prison, you may be subject to supervision by the probation

2    department.  If you are placed on supervised release and

3    thereafter violate any condition of that supervised release,

4    the district judge can revoke the term of supervised release

5    previously imposed and return you to prison without giving you

6    any credit for time previously served on postrelease

7    supervision.

8              Do you understand the punishments so far?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  In addition to these restrictions on your

11   liberty, the maximum possible punishment also includes

12   financial penalties.

13             First, it includes a maximum fine of the greatest of

14   $250,000, or twice the gross pecuniary gain derived from the

15   offense or twice the gross pecuniary loss to persons other than

16   you resulting from the offense.

17             In addition, there's a $100 mandatory special

18   assessment.

19             Further, you will be admitting to the forfeiture

20   allegation of the information, and you will be required to

21   forfeit a sum of money equal to $175,019.11, representing

22   proceeds traceable to the commission of the offense.  And you

23   are consenting and will be signing the forfeiture order that I

24   have before me.

25             You also are agreeing to make restitution in the

NbfWgarP

1    amount of $1,327,061.

2          I just want to make sure that I have that number

3    correctly.  There's a comma at the end with no cents.  I just

4    want to make sure it's a whole dollar value.  Is that correct?

5          MR. MEAD:  That's correct, your Honor.

6          THE COURT:  OK.

7          All right.  And the restitution amount will be paid

8    according to a plan established by the court.

9          Do you understand your financial penalties?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Additionally, if you are a naturalized

12    citizen of the United States, then your guilty plea may also

13    have adverse consequences for your immigration status, such

14    that you could be subject to denaturalization and removal.  If

15    you are not a citizen of the United States, then your guilty

16    plea may also have adverse consequences for your ability to

17    remain in or return to the United States, including removal,

18    deportation, denial of citizenship and denial of admission to

19    the United States in the future.  If that does happen, you will

20    still be bound by your guilty plea; that is, you will not be

21    able to withdraw it regardless of any advice you have received

22    from your counsel or others regarding the immigration

23    consequences of your plea.

24          Do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

NbfWgarP

1           THE COURT:  Do you understand the charges against you

2     and the consequences of pleading guilty to them?

3           THE DEFENDANT:  I do, your Honor.

4           THE COURT:  As I mentioned earlier, there is a written

5     plea agreement in the form of a letter, and it is dated

6     November 6, 2023.

7           Did you sign the plea agreement?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Did you read it before you signed it?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Did you discuss it with your attorney

12     before you signed it?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Did your attorney explain to you all of

15     its terms and conditions?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you understand all of its terms and

18     conditions?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  The letter says that you, or the agreement

21     says that you and the government have reached agreement

22     regarding the appropriate calculation of your sentence under a

23     part of our law known as the sentencing guidelines and that the

24     appropriate guidelines sentencing range is from 24 to 30

25     months.

NbfWgarP

1              Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Under the agreement, neither you nor the

4    government is allowed to argue to the sentencing judge for a

5    calculation that is different than the one in the agreement.

6    However, the sentencing judge is not bound by the calculation

7    in the agreement, and he or she will be free to do their own

8    calculation, which may result in a sentencing range that

9    differs from the one in the letter.

10              Do you understand that?

11              THE DEFENDANT:  Yes, your Honor.

12              THE COURT:  The sentencing range is just one of many

13   factors the judge will consider in determining your sentence.

14   The judge has discretion to give you a sentence below or above

15   the range, anywhere up to the maximum I told you about earlier.

16              Do you understand that?

17              THE DEFENDANT:  Yes, your Honor.

18              THE COURT:  So as long as the sentencing judge

19   sentences you to a prison term of no longer than 30 months, you

20   are giving up your right to challenge your sentence, whether by

21   direct appeal, writ of *habeas corpus* or otherwise.

22              Do you understand?

23              THE DEFENDANT:  Yes, your Honor.

24              THE COURT:  Additionally, by pleading guilty, you also

25   will not be able to appeal any fine with a value of up to

NbfWgarP

1    $95,000 or less, any lawful sentence of supervised release, any

2    restitution, as set forth in the agreement, and any forfeiture

3    as set forth in the agreement.

4              Do you understand?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Further, under the terms of the plea

7    agreement, even if you later learned that the government

8    withheld from your attorney certain information that would have

9    been helpful to you in defending yourself at trial, you will

10   not be able to complain about that or withdraw your guilty plea

11   on that basis.

12             Do you understand?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Counsel, are there any other provisions of

15   the plea agreement you wish for me to review with the

16   defendant?

17             Government.

18             MR. MEAD:  No, your Honor.

19             MR. KAMINSKY:  No, your Honor.

20             THE COURT:  Mr. Garrison, apart from what is contained

21   in the plea agreement, have any promises been made to you in

22   order to get you to plead guilty?

23             THE DEFENDANT:  No, your Honor.

24             THE COURT:  Has anyone threatened, forced or coerced

25   you in any way, either directly or indirectly, to get you to

NbfWgarP

```
 1  plead guilty?

 2              THE DEFENDANT:  No, your Honor.

 3              THE COURT:  Now that you have been advised of the

 4  charges against you, the possible penalties you face and the

 5  rights you are giving up, is it still your intention to plead

 6  guilty to Count One of the information?

 7              THE DEFENDANT:  Yes, your Honor.

 8              THE COURT:  Is your plea voluntary and made of your

 9  own free will?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Mr. Garrison, with respect to Count One of

12  the information, how do you plead; guilty or not guilty?

13              THE DEFENDANT:  Guilty, your Honor.

14              THE COURT:  Please tell me in your own words what you

15  did that makes you guilty of the crime charged in the

16  information.

17              MR. KAMINSKY:  Just one moment, your Honor?

18              (Counsel conferred with defendant)

19              MR. KAMINSKY:  We're ready, your Honor.

20              THE COURT:  All right.

21              Mr. Garrison, if you'd like to proceed.

22              THE DEFENDANT:  In or around November 2022, I agreed

23  with other people to access internet-protected computers

24  without authorization and for the purpose of financial gain.

25              Specifically, we used leaked credentials to access
```

NbfWgarP

1    users' betting accounts on a sports betting website in order to

2    take money that did not belong to us.

3              I am sorry.

4              THE COURT:  And did you know what you were doing was

5    wrongful and against the law when you were doing it?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And where were you when you participated

8    in this?  In terms of geography, where were you located?

9              THE DEFENDANT:  Madison, Wisconsin, at my house.

10             THE COURT:  OK.

11             Let me ask counsel.  What is the connection to New

12   York venue?

13             MR. MEAD:  As to venue, the government's evidence

14   would establish, one, that many of the users whose accounts

15   were hacked located in the Southern District of New York, and

16   two, that an undercover officer purchased access to one of the

17   accounts from the coconspirators while he was located in the

18   Southern District of New York.

19             THE COURT:  All right.  Are there any additional

20   questions you would like me to ask the defendant?

21             MR. MEAD:  No, your Honor, although we would like to

22   make a proffer of evidence at some point.

23             THE COURT:  Yes.

24             Do you believe there is a sufficient factual predicate

25   for a guilty plea?

NbfWgarP

1            MR. MEAD:  Yes, your Honor.

2            THE COURT:  And does the government represent that it

3   has sufficient evidence to establish guilt beyond a reasonable

4   doubt at trial?

5            MR. MEAD:  We do, your Honor.

6            THE COURT:  All right.  You may proceed with your

7   proffer.

8            MR. MEAD:  The government would prove that the

9   defendant was a member of a conspiracy to hack a fantasy sports

10  and betting website in November of 2022 to obtain access to

11  user accounts and to then steal the money in those accounts.

12  The defendant and others executed the hack on the website and

13  then provided access to the stolen accounts to coconspirators,

14  who then sold access to those accounts online.  The

15  conspirators stole approximately $600,000 from accounts in the

16  fraud, and the computers that they accessed without

17  authorization were used in or affecting interstate or foreign

18  commerce.

19            The government's evidence at trial would include, but

20  not be limited to, records from the fantasy sports and betting

21  website establishing the hack; the defendant's own statements

22  about the hack; files involved in the hack found on the

23  defendant's computer; and the defendant's messages with

24  coconspirators about committing the hack.

25            THE COURT:  All right.

NbfWgarP

1          Defense counsel, are there any additional questions

2     you would like me to ask the defendant?

3          MR. KAMINSKY:  No.  Thank you, your Honor.

4          THE COURT:  Do you believe there is a sufficient

5     factual predicate for a guilty plea?

6          MR. KAMINSKY:  I do.

7          THE COURT:  Mr. Garrison, on the basis of your

8     responses to my questions and my observations of your demeanor,

9     I find that you are competent to enter an informed guilty plea

10    and that there is a factual basis for it.  I'm satisfied that

11    you understand your rights; that you are aware of the

12    consequences of your plea, including the sentence that may be

13    imposed; that you are voluntarily pleading guilty and that you

14    have admitted that you are guilty as charged in Count One of

15    the information.

16         For these reasons, I am accepting your plea and

17    recommending that the district judge do the same.

18         Mr. Mead, will the government order a copy of the

19    transcript and submit it together with any additional paperwork

20    so the district judge can act on my recommendation?

21         MR. MEAD:  We will, your Honor.

22         THE COURT:  And has the district judge set a

23    sentencing date?

24         MR. MEAD:  He has not yet, your Honor.

25         THE COURT:  All right.  We'll set a control date for

NbfWgarP

1     January 16, 2024, at 10 a.m.

2              I direct that the presentence report be prepared.

3              Mr. Mead, will you deliver the case summary for

4     purposes of the presentence report to the probation department

5     within 14 days?

6              MR. MEAD:  I will, your Honor.

7              THE COURT:  Mr. Kaminsky, will you be available to be

8     interviewed with your client by the probation department within

9     14 days?

10              MR. KAMINSKY:  Yes, your Honor.

11              THE COURT:  Mr. Mead, what are we doing with respect

12     to detention or release until sentencing?

13              MR. MEAD:  Continuing the current bail conditions,

14     your Honor.

15              THE COURT:  I assume that's acceptable to the defense.

16              MR. KAMINSKY:  Yes, it is.

17              THE COURT:  Mr. Garrison, all of the conditions on

18     which you were released up to now continue to apply.  A

19     violation of those conditions can have serious consequences,

20     including revocation of bail and prosecution for bail-jumping.

21              Do you understand?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  All right.  Anything further on this

24     matter?

25              Mr. Mead.

NbfWgarP

1              MR. MEAD:  No, your Honor.

2              THE COURT:  Mr. Kaminsky.

3              MR. KAMINSKY:  No, your Honor.  Thank you.

4              THE COURT:  All right.  Mr. Garrison, I wish you good

5    luck.

6              We are adjourned.

7              (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25