O1V3GARS

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        23 Cr. 597 (LAK)

5   JOSEPH GARRISON,

6                   Defendant.

7   ------------------------------x    Sentencing

8                                      New York, N.Y.
                                       January 31, 2024
9                                      3:20 p.m.

10

    Before:
11
                      HON. LEWIS A. KAPLAN,
12
                                       District Judge
13

14                          APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    MICAH F. FERGENSON
17       Assistant United States Attorney

18  FEDERAL DEFENDERS OF NEW YORK
         Attorneys for Defendant
19  CLAY H. KAMINSKY

20

21

22

23

24

25

O1V3GARS

1              THE DEPUTY CLERK:  United States v. Garrison.

2      Government, are you ready?

3              MR. FERGENSON:  Yes.  Good afternoon, your Honor.

4      Micah Fergenson for the government.

5              THE COURT:  Good afternoon.

6              MR. KAMINSKY:  Good afternoon, your Honor.  Clay

7      Kaminsky of the Federal Defenders for Joseph Garrison.  With me

8      at counsel table is Spencer Campbell, a paralegal in our

9      office, and Mr. Garrison's parents are also here in the

10     gallery.

11             THE COURT:  Good afternoon.

12             Mr. Kaminsky, have you and your client both had the

13     presentence report for the necessary period?

14             MR. KAMINSKY:  Yes, your Honor.

15             THE COURT:  Mr. Garrison, have you read the

16     presentence report?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Did you read all of it?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Thank you.  It will be sealed and made

21     available to counsel in the event of an appeal.

22             Are there any unresolved objections to the presentence

23     report, Mr. Fergenson?

24             MR. FERGENSON:  No, your Honor.

25             THE COURT:  Mr. Kaminsky?

O1V3GARS

1          MR. KAMINSKY:  No, your Honor.

2          THE COURT:  Then I adopt the guideline computation and

3   range set forth in the presentence report, and indeed the

4   entire report.

5          I've received in relation to the sentencing, in

6   addition to the presentence report, of course, a letter with

7   attachments from Mr. Kaminsky dated January 22, a letter from

8   the government dated January 26, and I have a proposed consent

9   order of restitution.

10          I don't have in my hand an executed one.  Is there an

11   executed one?

12          MR. FERGENSON:  Your Honor, we would actually like to

13   make a few amendments to that order, and we would submit it

14   after today, well within the 90-day window, if that's

15   permissible with your Honor.

16          THE COURT:  That is.  Let me make a note here.

17          The amount doesn't change or the payee, right?

18          MR. FERGENSON:  Correct, your Honor.

19          THE COURT:  Are there any other materials that I ought

20   to be aware of that I haven't enumerated?

21          MR. FERGENSON:  No, your Honor.  One brief

22   housekeeping matter.  The defendant actually pled guilty before

23   the magistrate.  We had submitted --

24          THE COURT:  It was accepted moments ago.

25          MR. FERGENSON:  Understood, your Honor.  Thank you.

O1V3GARS

1           THE COURT:  Thank you.

2           Then I'll hear Mr. Kaminsky on behalf of the

3  defendant.

4           MR. KAMINSKY:  Thank you, your Honor.  And I'll try to

5  be brief, because I know your Honor has read our papers

6  carefully.

7           You know, your Honor, I think the most salient point

8  about Mr. Garrison is his youth.  He was just barely 18 when he

9  committed this offense.  He's just over 19 now.  He graduated

10  high school and matriculated to college while on pretrial

11  supervision.

12           The Supreme Court has many times recognized the

13  mitigating qualities of youth, and the main ones are both that

14  young people don't have fully developed brains, and therefore

15  their decision making is not as culpable as perhaps an older

16  adult.  And also, that they are more susceptible to negative

17  pressures and also more capable of change.  And all of those

18  factors come into play here.

19           So Mr. Garrison, because I think of a lapse in

20  supervision during his adolescence, fell into a pretty

21  pernicious internet subculture, and became enmeshed in that

22  culture, and ultimately committed this offense.  He did it at a

23  time when, to outward appearances he was doing okay, but

24  inwardly he was becoming more isolated, especially during the

25  pandemic, but even before that.  And the influences on him at

O1V3GARS

1    that time were slightly older people, on the internet, who were

2    telling him how to do these crimes, and sort of expressing the

3    idea that fraud was fun.

4         By the other half of the same token, his capacity for

5    change is manifest.  And especially over the last year,

6    especially since this federal case, and with the help of his

7    counselor, Mr. Krych, who your Honor has the quotes from

8    Mr. Krych in the presentence report, he's really come into his

9    own.  He's opened up.  He has been able to see that what he

10   thought of sort of almost like a computer game -- and this is

11   what's interesting about this.  There was a quite a bit of

12   money at stake, your Honor, but that is not sort of how

13   Mr. Garrison was perceiving it.  He didn't spend any of the

14   money in the real world.  He spent the money on avatars and

15   computer games, on items in computer games.  He wasn't really

16   able to see at that time that it was real money and real

17   people.  It was almost like points in a game.  And I know that

18   sounds silly, but he was 18, and he was enmeshed in this world.

19        Through counseling, through the experience of having

20   to fly across the country with his mother to surrender to the

21   marshals at 500 Pearl Street, through the experience of going

22   through this process, he has really matured.  And I think also

23   his brain -- because a year when you're 18 is a long time --

24   his brain has also matured during this time.

25        And so, he's been getting treatment, he's now able to

O1V3GARS

1      see this crime for exactly what it is:  Theft.  And able to

2      see -- and your Honor has his letter -- able to see the victims

3      of this crime for exactly who they are:  Real people who were

4      harmed.  And he has taken steps to better himself and to begin

5      to right the wrongs.

6           So he has completed high school, as I mentioned, he's

7      been in treatment, as I mentioned.  He's matriculated to

8      college and he's studying cybersecurity, both because he wants

9      to get a job in that field to make money to pay back the people

10     that he owes money to, but also because he wants to use these

11     skills he's developed, your Honor, for good, rather than for

12     ill.

13          And he's 19.  He has a long life ahead of him.  He has

14     a lot of potential, and I think he's going to be able to do

15     that.

16          As your Honor sees from his letter, he's really truly

17     remorseful, and he's gained a lot of insight into that.  And

18     that's both from this experience, and also just from being 18

19     and 19 years old and maturing.

20          So, the question, as it is in every sentencing, is

21     what sentence is sufficient, but not greater than necessary, to

22     achieve the purposes of sentencing.

23          And your Honor, I submit that there is no point in

24     derailing Mr. Garrison's positive progress by sending him to

25     prison.  And instead, your Honor can fashion an appropriate

O1V3GARS

1    non-custodial sentence, I suggested 200 hours of community

2    service would be appropriate, that fulfills the purposes of

3    sentencing without the ill effects of imprisoning this young

4    man.

5          And the government's best argument against that is I

6    think general deterrence.  That this was a serious crime, and

7    even if Mr. Garrison has gone straight over the last year and

8    it looks like he's on the right path now, there is this idea

9    that, because we need to deter other people, your Honor should

10   send Mr. Garrison to prison.  And I would push back against

11   that.

12         The National Institute of Justice, which is part of

13   the Department of Justice, has studied this.  I have a sheet in

14   front of me they prepared, but your Honor is probably familiar

15   with these arguments, that actually, sending people to prison

16   doesn't actually deter crime very well.  And instead, what

17   deters crime is the certainty of getting caught, so the

18   publicity of people getting caught, and the certainty that

19   they'll end up with a felony conviction.  But in terms of the

20   actual sentence, that has less of an effect.

21         Mr. Garrison has been saddled with his first felony

22   conviction.  It will follow him the rest of his life.  It has

23   already prevented him from getting a job at Target, as I put in

24   with my submission, your Honor.

25         THE COURT:  How is he going to do getting a job in

O1V3GARS

1    cybersecurity, do you think?

2            MR. KAMINSKY:  Your Honor, I'm actually hopeful that

3    is one field where they might look on this with a little bit

4    more understanding than in other fields.  I think that it is

5    sometimes the case that people who work in cybersecurity, and

6    sort of the white hats, if you will, do have the background in

7    the black hat side of that.  So I hope actually he'll be able

8    to get a remunerative job in cybersecurity.  I think he's

9    chosen his field wisely.

10           So, your Honor, obviously, the felony conviction is

11   going to affect the rest of his life.  He's got the forfeiture

12   and restitution orders.  He's going to be on supervision, which

13   is a significant restriction on his liberty.

14           In the totality of the circumstances, the marginal

15   value for deterrence sake and justice sake of sending him to

16   jail is minor.  But he is a young, impressionable man, and I

17   worry it will undo and reverse the gains he's made over the

18   past year.  The more appropriate course would be allow him to

19   continue in the good way under the supervision of the probation

20   department.

21           THE COURT:  Thank you.

22           Mr. Garrison, you have the right to speak.  Is there

23   anything you'd like to say?

24           THE DEFENDANT:  Your Honor, I'm very sorry.  I have

25   given you my letter, and I'm very nervous, and I don't really

O1V3GARS

1    have anything to add to that.

2                THE COURT:  Okay.  Thank you.

3                Mr. Fergenson?

4                MR. FERGENSON:  Unless the Court has questions, we'll

5    rest on our written submission, your Honor.

6                THE COURT:  Okay.

7                This is really a tragedy, this case.  Mr. and

8    Mrs. Garrison, I want you to know how much I sympathize with

9    you.  You thought you did everything right.  Maybe you did.

10   You did your best, I'm sure of that, and look what happened.

11   Life has surprises for everyone.

12               Joe -- I'll address you as Joe just to distinguish you

13   from your father, not as an indication of disrespect.  I don't

14   do that at all.

15               I don't know how you didn't realize what you were

16   doing.  I understand about youth.  I understand it's not the

17   same as somebody who's achieved full maturation.  But this was

18   pretty remarkable, what you did.  Huge amounts of money,

19   really.

20               But I do credit your assertion that you are truly

21   remorseful, that the light has turned on in your head, and that

22   counts for a lot.  And I understand you have grown a lot by

23   reason of this experience.  There are some people who come into

24   this court for sentencing for crimes who have learned nothing,

25   you're not one of those.

O1V3GARS

1              And so the question is where to balance.

2              Mr. Kaminsky may very well be right that the

3       probability of getting caught and the impact of a felony

4       conviction may have greater weight toward deterring others from

5       engaging in similar actions.  But it's not that punishment

6       doesn't count at all.  I believe it counts some, at least.

7              So, even given the fact that I accept that you're

8       genuinely remorseful, even given the fact that I accept that

9       you personally have learned your lesson, I have to impose a

10      sentence that does something toward deterring other people.

11      So, all I can do is strike the best balance of which I'm

12      capable.

13             So it is the judgment of this Court that you be

14      committed to the custody of the Attorney General of the United

15      States or his designee for a term of imprisonment of 18 months;

16      that you thereafter serve a term of supervised release of three

17      years; and that you pay the mandatory special assessment of

18      $100.  It is further adjudged that you forfeit to the United

19      States the sum of $175,019.11.

20             And I'll interject for a moment.  Do I have a

21      forfeiture order?

22             MR. FERGENSON:  Yes, your Honor.  It should be in the

23      same packet that was --

24             THE COURT:  Thank you.

25             That will be on the terms and conditions more fully

O1V3GARS

1    set forth in the forfeiture order that I'll sign as soon as I

2    have an executed copy.  And that you pay restitution in the

3    amount of $1,327,061 to DraftKings, Inc. on the terms and as

4    more fully set forth in the order of restitution that I will

5    sign when it is submitted to me in final form.  And we'll set a

6    date for that at the conclusion of these proceedings.

7           The restitution will be payable in monthly

8    installments commencing on the first day of the second month

9    following the month in which you are released from the term of

10   imprisonment imposed.

11          Each monthly payment shall be equal to the sum of the

12   earned income amount and the other income amount.

13          The term "earned income" means remuneration for

14   personal services.  The term "other income" means revenues from

15   all other sources, other than public assistance and

16   unemployment insurance compensation.  The term "earned income

17   amount" is defined as 15 percent of your earned income up to

18   $5,000, plus 45 percent of earned income in excess of $5,000

19   for the preceding month.  The term "other income" is defined as

20   80 percent of your other income for the preceding month.

21          The term of supervised release shall be subject to the

22   mandatory, the standard, and the special conditions of

23   supervision set forth at pages 26-28 of the presentence report,

24   which you have told me you have read.

25          Does either counsel wish to have me read out the

O1V3GARS

1    special conditions and the other conditions?

2              MR. FERGENSON:  No, your Honor.

3              MR. KAMINSKY:  No, your Honor.

4              THE COURT:  I advise you that, to whatever extent you

5    haven't waived it, you have the right to appeal from the

6    judgment imposing this sentence.  If you wish to appeal, you

7    must file a written notice of appeal with the clerk of the

8    district court within 14 days after the date on which judgment

9    is entered, which may be as soon as today.  In the event you

10   wish to appeal and you can't pay the fees necessary to do so,

11   you have the right to apply for permission to appeal as a poor

12   person.  If that application were granted, you would be

13   permitted to appeal without payment of the fees.  And if you

14   couldn't afford a lawyer, a lawyer would be appointed for you

15   at government expense.

16             Now let's set a date on restitution.  Mr. Fergenson,

17   when do you think you'll be ready?

18             MR. FERGENSON:  Your Honor, about one week would be

19   sufficient.

20             THE COURT:  So, Andy, just as a control date, let's

21   set down a week from today.  And if you've got the executed and

22   consented-to order before then, submit it to chambers, and I'll

23   sign it and we'll cancel the court appearance.

24             THE DEPUTY CLERK:  Judge, 2:30 on February 7,

25   Wednesday, as a control.

O1V3GARS

1          MR. FERGENSON:  Yes.

2          THE COURT:  I said the judgment of conviction might be

3     entered as soon as today.  Andy, who runs my professional life

4     in many ways, reminds me that if I defer signing the judgment

5     until after the restitution order is signed, we'll only have to

6     sign one judgment instead of two.  I'm going to save Andy the

7     effort of doing an extra piece of paper for no real purpose by

8     suspending the date on which I'll sign the judgment.

9          Anything else, folks?

10          MR. FERGENSON:  Not from the government, your Honor.

11          MR. KAMINSKY:  I have a couple of applications.

12          THE COURT:  Sure.

13          MR. KAMINSKY:  One is that your Honor recommend to the

14     BOP that Mr. Garrison be designated to serve his sentence near

15     Madison, Wisconsin.

16          THE COURT:  So recommended.  I also recommend that he

17     be designated to a minimum security facility.

18          MR. KAMINSKY:  Thank you, your Honor.

19          Another is that your Honor set a voluntary surrender

20     date in late May or early June so he can complete his semester

21     of college.

22          THE COURT:  I'll do that.

23          Joe, you're continued on bail, pending your surrender

24     to the Bureau of Prisons on the date and by the time that the

25     bureau tells you to show up, which will not be before June 1st.

O1V3GARS

1       If for any reason you haven't surrendered to the Bureau of

2       Prisons on or before June 2, you're to surrender to the U.S.

3       marshal on the fourth floor of this building on June 2 before

4       2 p.m.

5               I want to make sure that's a weekday.  Andy, could you

6       check that for me, please?

7               MR. KAMINSKY:  Your Honor, can we make that in

8       Madison, Wisconsin, rather than New York?

9               THE COURT:  No.

10              THE DEPUTY CLERK:  June 3 is a Monday.

11              THE COURT:  June 3 is the surrender date here.

12              Now, if you get to the last week in May or thereabouts

13      and he hasn't been designated, and you need a little extension

14      of that so he can surrender wherever he's designated, get in

15      touch with my chambers.  And unless there has been some

16      misbehavior along the way, we'll do just that.  And I don't

17      expect that.  I hope we don't have that.

18              My goal is not to have him crossing the country in the

19      back of a bus with some characters that he probably should not

20      be with.  I want him to be able to surrender where he's

21      designated.

22              MR. KAMINSKY:  Yes, your Honor.

23              THE COURT:  But the surrender to the marshal here is

24      the failsafe condition.

25              Do you understand, Joe, that you have to comply with

O1V3GARS

1    what I've just said?

2              THE DEFENDANT:  Yes.

3              THE COURT:  I'm directing you to do so, and if you

4    fail to do so, you could be held to have committed the separate

5    crime of escape and be in a lot more trouble than you're in

6    already.  Do you understand that?

7              THE DEFENDANT:  Yes, I do, your Honor.

8              THE COURT:  Okay.

9              MR. KAMINSKY:  Your Honor, two more small issues.  One

10   is, as your Honor knows from the PSR, there is a state case.

11   The state case has been stayed pending the federal case.

12             THE COURT:  The Wisconsin case.

13             MR. KAMINSKY:  The Wisconsin case.  In part because

14   they felt like they would learn something from how your Honor

15   handled the federal case.

16             Mr. Garrison's state attorney has asked me whether

17   your Honor would give permission that the federal PSR be filed

18   under seal in the state case, so that the judge and the parties

19   there can have it.

20             THE COURT:  Does the government have a position on

21   that?

22             MR. FERGENSON:  My only hesitation, your Honor, is I'm

23   not sure about the governing law around PSRs.  But aside from

24   that, we would have no objection.

25             THE COURT:  Do we have any information about what

                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

O1V3GARS

1    happens to it once it arrives in Wisconsin?

2              MR. KAMINSKY:  Your Honor, I think the idea would be

3    to file it under seal in Wisconsin, so that both the

4    prosecution there and the judge there would have access to it,

5    but the public would not.

6              THE COURT:  Well, look, I of course totally accept

7    that's what you hope to accomplish.  But I don't know the first

8    thing about the law in Wisconsin that might apply to this, and

9    I do know that presentence reports are not ordinarily released

10   outside the federal court system.

11             If you folks want to get yourself informed about all

12   of this and make a proposal with information that would make me

13   fully informed, I certainly will consider it.  But I'm not

14   going to just shoot from the hip without knowing what happens.

15             MR. KAMINSKY:  Understood, your Honor.

16             And then the final thing, your Honor, is that with

17   respect to the restitution, would your Honor order that

18   interest be waived under Section 3612(f)(3)(A) because

19   Mr. Garrison doesn't have the ability to pay interest?

20             THE COURT:  Any reason why not, Mr. Fergenson?

21             MR. FERGENSON:  No, we have no objection.

22             THE COURT:  Granted.

23             MR. KAMINSKY:  Thank you, your Honor.

24             THE COURT:  Anything else?

25             MR. KAMINSKY:  Not from us.

O1V3GARS

1           MR. FERGENSON:  No, your Honor.

2           THE COURT:  Thank you, folks.  And I appreciate

3    counsel's submissions.  They were both helpful.

4           (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25